AARON ELY *against* JOHN NORTON, Executor of SARAH LEE Deceased.

## ON CERTIORARI.

Where an executor pays money to a legatee, and six years after the payment, upon a settlement in the Orphans' Court, discovers that he has paid the legatee more than he was entitled to, and brings an action to recover the money overpaid, the action is barred by the statute of limitations.

This was a *certiorari* to the Common Pleas of the county of Monmouth. The action was originally commenced before a justice of the peace, and the following are the facts upon which it was founded: John Norton, the defendant in *certiorari*, was the executor of Sarah Lee, deceased, who died in 1791, at which time Norton took upon himself the execution of the will. Aaron Ely, the plaintiff in *certiorari*, was one of the residuary legatees of Sarah Lee, deceased, and, as such, John Norton, the executor, in 1810, pays him $120, supposing that to be the sum to which he was entitled under the will. In 1817, Norton, the executor, makes a settlement with the Orphans' Court of the estate of the testatrix, by which settlement it appeared, that the distributive share of Aaron Ely was only 79 dolls. 83 3-4 cts. instead of $120, the sum paid. To recover back the surplus overpaid, *viz:* 40 dolls. 10 1-4 cts. Norton, the executor, on the 20th of January, 1821, brought an action of debt against Ely before a justice of the peace. To this action, Ely, the defendant below, pleaded the general issue and the statute of limitations. Upon the trial before the justice, a judgment was rendered in favor of Norton, the executor, for $53.— From this judgment, Ely appealed to the Common Pleas of the county of Monmouth, and by that court the judgment of the justice was affirmed, and thereupon a *certiorari* was taken to this court.

*Wood* now moved to reverse the judgment of the Common Pleas, upon the ground, that if the executor had a right to recover the money back, (which he denied) that right commenced the moment the money was paid, *viz :* in 1810. Then the cause of action, if there was any, accrued; and the plaintiff having suffered six years to elapse since the cause of action accrued, was now barred by the statute of limitations from recovering it.

But it may be said, that the mistake was not discovered until 1817, the 'time of the settlement before the Orphans' Court. But although the mistake be discovered afterwards, yet the statute begins to run from the time the money was paid. This position is supported by the case of *Bree* v. *Holbech, Doug.* 655, and *Read* v. *Markle,* 3 *John.* 524. If there had been fraud, Lord Mansfield thinks it would have been different, but even there, I think, he has gone too far.*

*Ewing* and *Wall,* contra, contended, that the executor's right of action did not accrue until the settlement before the Orphans' Court, in 1817, and, therefore, was not barred by the ° statute of limitations. The money, they said, was advanced by the executor to Ely, not upon any settlement, but merely to accomodate Ely, the legatee. If the executor had a right to recover the money overpaid, immediately upon paying, yet that right could not be complete until the settlement before the Orphans' Court rendered the amount to which the legatee was entitled manifest. 2 *South.* 426, *Executors of Harris* v. *Harris.* The case from 3 *John.* 524, did not bear out the position of the gentleman, because, in that case, the execution was a nullity.

FORD, J. In this case there was a payment made, in 1810, to a residuary legatee of $120. In 1816, the execu-

---

* *Sed vide* 3 *Mass. Rep.* 201. Where to a plea of the statute of limitations the plaintiff replied fraud and deceit, and that the action was commenced within six years after the discovery of the fraud, the replication was held good, and the court said, that the statute did not become a bar till six years after the fraud was discovered. See, also, 3 *Pere Wil.* 143; 1 *Chit. Plead.* 556, *note,* 3d *American edition.* REPORTER.

tor settled his account in the Orphans' Court, and it then appeared, that the sum to which the residuary legatee was entitled was only $79. Four or five years after this, the executor brought an action against the legatee to recover the surplus. The legatee pleaded the statute of limitations, and contended, that the cause of action accrued in 1810. Judge Rossell and myself are of opinion, that the cause of action accrued in 1810, and is, therefore, barred by the statute of limitations, consequently the judgment of the Common Pleas must be reversed.

KIRKPATRICK, C. J. said, he thought that account in the Orphans' Court was to be considered as perfect in all its forms, as long as it remained unreserved, and, therefore, that being perfect in items, time, &c., it appeared to him, that paying the money to the legatee before the settlement could be considered only as an advancement, trust or deposit, to wait the result of such settlement. However, I am satisfied with the opinions declared by my brethren; perhaps it is all right.

Judgment reversed.